**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 08-4250**

─────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ANTHONY MURPHY,

        Defendant - Appellant.

─────────

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Robert E. Payne, Senior District Judge (3:05-cr-00275-REP-1)

─────────

Submitted: February 4, 2009     Decided: February 18, 2009

─────────

Before NIEMEYER, TRAXLER, and KING, Circuit Judges.

─────────

Affirmed by unpublished per curiam opinion.

─────────

Michael S. Nachmanoff, Federal Public Defender, Frances H. Pratt, Carolyn V. Grady, Assistant Federal Public Defenders, Richmond, Virginia, for Appellant. Chuck Rosenberg, United States Attorney, Angela Mastandrea-Miller, Assistant United States Attorney, Richmond, Virginia, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Murphy appeals the twenty-four month sentence imposed upon the revocation of his supervised release. On appeal, counsel asserts that the sentence is plainly unreasonable because the district court failed to consider the advisory sentencing guidelines range or the 18 U.S.C. § 3553(a) (2006) sentencing factors. Finding no reversible error, we affirm.

Our review of the record leads us to conclude that the district court sufficiently considered the advisory sentencing guideline range of eight to fourteen months and the statutory sentencing factors in imposing a sentence within the statutory maximum set forth in 18 U.S.C. § 3583(e)(3). We therefore find that the sentence imposed upon revocation of supervised release is not plainly unreasonable. See United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006) (providing standard).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

2